(99 South. 300)
**BENTON v. BENTON. (4 Div. 114.)**

(Supreme Court of Alabama. Feb. 14, 1924.)

**I. Insane persons ⊕=8—When jurisdiction of probate court attaches in lunacy inquisition.**

The jurisdiction of the probate court in a lunacy inquisition attaches upon the filing of a proper petition and the service of summons and notice upon the alleged non compos mentis.

**2. Insane persons ⊕=27—Decree of court in sanity inquisition not set aside where jurisdiction acquired of subject, though statutory service not made.**

Where, in an inquisition as to the sanity of an alleged non compos mentis, it appeared from the recitals of the judgment entry that the subject of the inquisition had appeared in person at the time and place of trial, the decree adjudging him non compos mentis must be respected as having been rendered in the exercise of jurisdiction lawfully acquired, though it did not appear that there was a summons and notice to the subject as required by statute.

**3. Evidence ⊕=82 — Recitals as to jurisdiction in decree of probate court in sanity inquisition presumed to be true.**

Where a decree of the probate court recited that jurisdiction of the subject in a sanity inquisition had been acquired by his personal appearance, it was presumed to be true.

**4. Insane persons ⊕=27 — Failure of process summoning jury in sanity inquisition to specify "of the neighborhood," if error, held harmless.**

Though the process in a sanity inquisition failed to specify that the jury were to be summoned "of the neighborhood" as required by Code 1907, § 4348, such failure, if error, was harmless, where no objection was taken against the venire in the probate court, and by the recital of the decree it appeared that the jurors resided in the neighborhood of the subject of the inquisition and were otherwise qualified.

Appeal from Probate Court, Covington County; H. J. Brogden, Judge.

Petition of O. J. Benton for inquisition as to the sanity of James F. Benton. From an order or decree declaring him non compos mentis, James F. Benton, by his next friend, James Allen, appeals. Affirmed.

E. O. Baldwin, of Andalusia, for appellant.

It was necessary to a valid proceeding that notice be given to the alleged lunatic and that jurors be summoned from his neighborhood. Code 1907, § 4348; Molton v. Henderson, 62 Ala. 426; 32 C. J. 635.

G. W. Reeves, of Florala, for appellee.

Marcus, J. Fletcher, of Andalusia, amicus curiæ.

The record shows that the issue was tried by a jury of persons from the neighborhood, and that the non compos mentis was present, and the requirements of the statute were complied with.

SAYRE, J. This is an appeal by James F. Benton, pro ami, from an order and decree of the probate court declaring him to be non compos mentis.

[1-3] It is insisted in the first place that the record fails to show that proper steps were taken to bring appellant into court. The statutory provision is that—

"He [the judge of probate before whom has been filed a petition for an inquisition of lunacy] must also issue a writ directed to the sheriff, to take the person alleged to be of unsound mind, and, if consistent with his health or safety, have him present at the place of trial."

The jurisdiction of the probate court in the premises attaches upon the filing of a proper petition and the service of summons and notice upon the alleged non compos mentis. Craft v. Simon, 118 Ala. 637, 24 South. 380. But every purpose and office of the summons and notice prescribed by the stat-

ute is served when it brings the alleged non compos into court, and when, as here, it appears from the recitals of the judgment entry that the subject of the inquisition has appeared in person at the time and place of trial, though it does not otherwise appear that there was summons and notice, the decree of the court must be respected as having been rendered in the exercise of jurisdiction lawfully acquired. Molton v. Henderson, 62 Ala. 426, cited by appellant, holds nothing to the contrary. In that case the alleged non compos was confined in an asylum in South Carolina and it was sought to serve the purpose of summons and notice by appointing a guardian ad litem without more. But this court held that jurisdiction had not been acquired. Here the recital makes a different case. The recital is presumed to be true. It must be treated seriously. So treated, it means nothing less than that appellant was in court and had opportunity to present any defense against the inquisition that he was capable of making.

[4] The record shows an order commanding the sheriff to summon "the following twelve disinterested persons of said county, to wit," naming them, to constitute a jury to make inquisition, etc. The statute, section 4348 of the Code, provides that—

"The judge of probate must issue a writ directed to the sheriff, commanding him to summon twelve disinterested persons of the neighborhood for the trial."

The process in this case, it will be observed, fails to command a jury "of the neighborhood." No objection was taken against the venire in the probate court. By the recital of the decree it is made to appear that the jurors who passed upon appellant's case "resided in the neighborhood of the said Jas. F. Benton" and were otherwise qualified; that is, were good and lawful men. Accepting this recital as true, as we must in the absence of evidence to the contrary, the error, if reversible in any case, was harmless, in this, for the reason that the record shows that appellant got the jury he was entitled to.

The court is of opinion that the judgment of the probate court should be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.