This is an appeal from the judgment of the Probate Court of Coffee County finding Ruby J. Prestwood to be of unsound mind and appointing Olivia Prestwood Crawley and Jeanice Prestwood Fuller as co-guardians of her estate.
Lucille Prestwood, the widow of a deceased son of Ruby J. Prestwood, and Olivia Prestwood Crawley, and Jeanice Prestwood Fuller, daughters of Lucille Prestwood and granddaughters of Ruby J. Prestwood, filed the petition to have Ruby J. Prestwood declared incompetent. In that petition, they averred that Ruby J. Prestwood had conveyed to her son, and only surviving child, Morris J. Prestwood, all of her realty and personalty. The probate judge, before the petition was heard, appointed a guardian ad litem to represent Ruby J. Prestwood and the cause came to trial on June 21, 1979, before six jurors summoned by the sheriff, as provided by law. Ruby J. Prestwood was not taken into custody by the sheriff at any time as specified in the statute, although the sheriff, in his return of service, stated that "it being consistent with the health or safety of the said Ruby Prestwood, she is taken into custody and brought before the court."
The trial was not concluded on June 21, 1979, and was continued by the probate judge on his own motion to July 13, 1979. Because of the illness of one of the jurors, the trial was again continued by the probate judge to August 30, 1979. On August 30, 1979, the guardian ad litem moved for a mistrial on the ground that there was an "inordinate delay" between the hearings; the probate judge denied the motion for mistrial.
At the close of the evidence, the six-person jury returned a verdict finding Ruby J. Prestwood to be of unsound mind. Immediately, the probate judge appointed Mrs. Crawley and Mrs. Fuller as co-guardians.
The guardian ad litem sought to appeal the judgment to the circuit court for a trial de novo. This appeal was dismissed by order of the probate judge. The guardian ad litem, on behalf of Ruby J. Prestwood, then filed this appeal with this Court. *Page 10 
Appellant Ruby J. Prestwood, raises the following issues:
(1) Whether the proceedings were void because the sheriff failed to take the person alleged to be of unsound mind into custody;
(2) Whether due process and equal protection were denied because of the delay occurring during the trial;
(3) Whether it was error to refuse to charge the jury that the capacity of the respondent was legally presumed;
(4) Whether it was error to refuse to charge the jury that the burden of proof was on the petitioners;
(5) Whether it was a denial of due process and equal protection to deny Ruby Prestwood the right to appeal to the circuit court;
(6) Whether a statutory scheme which permits the aged and senile to be deprived of their rights without a fair trial violates the requirements of equal protection and due process under provisions of the United States Constitution;
(7) Whether a summary denial of a motion for new trial which alleged grounds requiring an evidentiary hearing denies due process and equal protection.
 I
The appellant argues that the proceedings were void because all the necessary procedural steps which confer jurisdiction upon the probate court were not followed. Specifically, the appellant alleges that the provisions of Code 1975, § 26-2-43, were not followed because the sheriff did not take Ruby J. Prestwood into custody. Appellant relies heavily upon Fowler v.Fowler, 219 Ala. 453, 122 So. 440 (1929), which states:
 In this proceeding, it is a court of statutory and limited jurisdiction, and, in order to sustain the decree adjudging the complainant a person of unsound mind, it must affirmatively appear on the face of the record that all of the necessary jurisdictional steps were taken to complete the court's jurisdiction, and the record cannot be aided by intendment, even on collateral attack. Wiley v. State, 117 Ala. 158, 23 So. 690; Commissioners' Court v. Thompson, 18 Ala. 694; Field's Heirs v. Goldsby, 28 Ala. 218, 65 Am.Dec. 341; Brooks v. Johns, 119 Ala. 412, 24 So. 345; Chamblee v. Cole, 128 Ala. 649, 30 So. 630; Goodwin v. Sims, 86 Ala. 102, 5 So. 587, 11 Am.St.Rep. 21; Miller et al. v. Thompson et al., 209 Ala. 469, 96 So. 481; Ex parte Griffith, 209 Ala. 158, 95 So. 551.
 The only matter appearing on the face of the proceedings, made a part of the bill by exhibits — other than the appointment of a guardian ad litem and the acceptance and answer of the guardian ad litem — going to show that the probate court acquired jurisdiction of the person in the lunacy proceedings, is the following recital in the face of the court's decree: "Whereas a writ was issued by said court directed to the sheriff of said county to take the said James A. Fowler, and if consistent with his health or safety, have him present in court at the place of trial, and the sheriff of said county has executed said writ and made the following return thereon: `I have executed the within writ and hereby certify that the said James A Fowler is at his residence and that in my judgment it would be inconsistent with his health or safety to have him present on the trial of the within cause. This the 11th day of April, 1925, George McPherson, Sheriff.'"
 This recital is contradicted by the writ and the return thereon, showing that the writ was executed only by summoning the jurors for the trial. The sheriff's return indorsed on the writ is, "I have executed the within by summoning the following named persons," followed by the names of the jurors summoned for the trial issue of insanity.
 Aside from the fact that the recital in the decree does not affirmatively show that the sheriff executed the writ by taking the alleged lunatic into his custody, the contradiction of the recital in the decree by the record, de hors the decree, destroys the efficacy of this recital to *Page 11 
sustain the jurisdiction of the person, and, on the principle stated, it appears that the proceedings are void. Ex parte Griffith, 209 Ala. 158, 95 So. 551.
 The notice attached as Exhibit 4 to the bill, issued on the 4th day of April, 1925, directed to the alleged lunatic, purporting to give notice of the filing of the petition and the hour and date of hearing and purporting to have served on the day of the hearing, whether before or after the hour set for the trial it does not appear, was not authorized by the statute, and the probate court was without authority to substitute this for the notice provided by the statute, the service of the writ issued to the sheriff to take the body of the alleged lunatic into his custody, and the service of this notice, though it be assumed that no deceit was practiced in reference thereto, was inefficacious to complete the court's jurisdiction to proceed. 6 R.C.L. 448, § 444; Griggs v. Hanson, 86 Kan. 632, 121 P. 1094, 52 L.R.A. (N.S.) 1161, Ann.Cas. 1913C, 242.
 The wise policy of the statute requiring that the sheriff take the person of the alleged lunatic into his custody is to bring the alleged lunatic notice by restraining him of his liberty, so that if he has any mind at all he will realize that he must defend in order to remove this restraint, and, if not, persons interested in his freedom and his property rights may come to his aid. Anything short of this cannot be approved as due process of law. 6 R.C.L. 446, § 442; Simon v. Craft, 182 U.S. 427, 21 S.Ct. 836, 45 L.Ed. 1165.
219 Ala. 455, 122 So. 440.
It is not controverted that the sheriff in this case did not take Ruby J. Prestwood into custody; he merely served her with the writ. Thus, it would seem that the provisions of § 26-2-43
have not been met because § 26-2-43 states that the probate judge must issue a writ directing the sheriff to "take" the person alleged to be of unsound mind and to have the person present at trial if that is consistent with the health or safety of the person. The Fowler case, relied on by the appellant, if read literally, would seem to require that an alleged incompetent must be restrained of his liberty before the jurisdiction of the probate court is quickened. If Fowler
were read literally and stood for the proposition that the only way an incompetent could be given notice of a competency hearing would be by an actual restraint of his person, Fowler
would be wrong, but Fowler does not stand for that proposition, in our judgment. As we read Fowler, it only stands for the proposition that an alleged lunatic must have notice, and one method of bringing notice home to him is by restraining him of his liberty. On this question of notice, Fowler is eminently correct law because fundamental fairness would require adequate notice of a competency hearing. We do not read Fowler, therefore, as holding that an incompetent must be restrained of his liberty before the jurisdiction of the probate court is quickened. Furthermore, in Fowler, it does not appear that the alleged lunatic was present at trial. The facts in Fowler, therefore, differ from the facts here. In the present case, Ruby J. Prestwood, although never taken into custody by the sheriff, was present at the hearing. In fact, she testified in her own behalf at the hearing.
The facts of this case are more similar to the facts inBenton v. Benton, 211 Ala. 43, 99 So. 300 (1924), where Justice Sayre, writing for the Court, discussed probate court jurisdiction when the alleged incompetent has not received the statutory notice but is actually present at the hearing. He opined:
 It is insisted in the first place that the record fails to show that proper steps were taken to bring appellant into court. The statutory provision is that —
 "He [the judge of probate before whom has been filed a petition for an inquisition of lunacy] must also issue a writ directed to the sheriff, to take the person alleged to be of unsound mind, and, if consistent with his health or safety, have him present at the place of trial."
 The jurisdiction of the probate court in the premises attaches upon the filing of a *Page 12 
proper petition and the service of summons and notice upon the alleged non compos mentis. Craft v. Simon, 118 Ala. 625, 24 So. 380. But every purpose and office of the summons and notice prescribed by the statute is served when it brings the alleged non compos into court, and when, as here, it appears from the recitals of the judgment entry that the subject of the inquisition has appeared in person at the time and place of trial, though it does not otherwise appear that there was summons and notice, the decree of the court must be respected as having been rendered in the exercise of jurisdiction lawfully acquired. Molton v. Henderson, 62 Ala. 426, cited by appellant, holds nothing to the contrary. In that case the alleged non compos was confined in an asylum in South Carolina and it was sought to serve the purpose of summons and notice by appointing a guardian ad litem without more. But this court held that jurisdiction had not been acquired. Here the recital makes a different case. The recital is presumed to be true. It must be treated seriously. So treated, it means nothing less than that appellant was in court and had opportunity to present any defense against the inquisition that he was capable of making.
We conclude that the failure of the sheriff to take Ruby J. Prestwood into custody did not oust the court of jurisdiction in this case.
 II
Appellant further argues that her hearing was not conducted with reasonable dispatch and continuity, and cites the requirement of Code 1975, § 26-2-42 (a) that a petition to declare one incompetent must be set for hearing not more than 30 days from its presentment. She also cites this Court's decision in Walker v. Elrod, 284 Ala. 32, 221 So.2d 391 (1969), as support of her contention that the legislature intended that inquisition proceedings should be expedited, and that the legislature has allowed the probate court "great elasticity" to carry out this policy.
Appellant, although recognizing the universal rule that the granting of a continuance rests with the sound discretion of the trial judge, nevertheless contends that public policy demands that a trial once entered upon should continue from day to day until concluded, unless exigencies of the cause or the public interest imperatively require a reasonable adjournment.
The facts surrounding the adjournment of the hearing of which the appellant complains are not disputed. The first hearing was set for June 7, 1979, but was not held until June 21, 1979, when the petitioners presented testimony tending to prove the incapacity of Ruby J. Prestwood. On that same day, counsel for Ruby J. Prestwood presented the testimony of six witnesses to prove her competency. The testimony was not concluded on that day, and the probate judge reset the trial for July 13, 1979. On July 12, 1979, the probate judge, on his own motion, continued the case indefinitely because of the illness of a juror. On August 23, 1979, he rescheduled the cause for August 30, 1979, and it was concluded on that day over the objection of Mrs. Ruby J. Prestwood, who moved for a mistrial because of the inordinate delay. Appellant argues that several important witnesses, including her dentist and a psychologist, had testified regarding her mental condition at the June 21, 1979 proceeding and that the jurors could not be expected to have remembered the important details of this testimony when the hearing was reconvened on August 30, 1979.
The crucial question presented by these facts is whether the adjournment of the hearing constituted a denial of procedural due process. We do not think that it did.
We agree with appellant that inquisition proceedings should be conducted with reasonable dispatch. We cannot agree with her, however, that the probate court was bound to grant her request for a mistrial. The general rule regarding such matter is stated in 88 C.J.S. Trial, § 45 (1955) at p. 115: *Page 13 
 Where a juror or a material witness becomes ill, or a member of a juror's family dies, just before or during a trial, the court has discretion to adjourn until a suitable time, and then to proceed with the trial, instead of discharging the jury and declaring a mistrial or ordering a dismissal.
In Alonzo v. State ex rel. Booth, 283 Ala. 607, 219 So.2d 858
(1969), the Court said:
 In Alabama, our courts have always held it is discretionary with the trial court whether it should halt or suspend the trial to enable a party to secure or produce witnesses in court. See, cases at 6A, Ala.Dig., Criminal Law, Key 649, (1), (2), and (4). And, in the exercise of that discretion the trial court is not to be reversed save for gross abuse of discretion.
We find no gross abuse of discretion in this case.
 III
Next, appellant argues that it was a denial of due process and equal protection to deny her the right to appeal to the circuit court for a trial de novo. Code 1975, § 12-22-20, states:
 An appeal lies to the circuit court or supreme court from any final decree of the probate court, or from any final judgment, order or decree of the probate judge, and, in all cases where it may of right be done, the appellate court shall render such decree, order or judgment as the probate court ought to have rendered. (Code 1867, § 2247; Code 1876, § 3957; Code 1886, § 3640; Code 1896, § 457; Code 1907, § 2855; Code 1923, § 6114; Code 1940, T. 7, § 775.)
Section 12-22-20, quoted above, allows an appeal to this Court or to the circuit court. It does not allow a trial de novo, with jury, in the circuit court, as appellant contends. The attempted appeal for a trial de novo was properly dismissed.
After her attempt to appeal de novo was denied, Ruby J. Prestwood then sought, and has gotten, her statutory right of review in this Court. Appeal directly to this Court is proper and must not deprive appellant of her due process or equal protection rights.
Appellant argues alternatively that, even recognizing that a trial by jury is not required in a lunacy proceeding, that once a jury is provided it must meet fundamental constitutional requirements. She claims that the procedure for selecting the jury does not give her a right to strike. She is correct that Code 1975, § 26-2-44, contains no specific procedures for striking jurors; nevertheless, the statute does authorize the setting aside of jurors for cause, thereby recognizing the right of the parties to challenge a member of the proposed jury for cause. In this proceeding, it appears from the record that the attorney for the appellant questioned the jurors as to qualifications, but did not challenge any of the jurors. We find no error here.
Appellant also argues that giving the sheriff the authority to select "six disinterested persons of the neighborhood" violates the cross-section requirement applicable to the selection of jurors.
This is another due process argument, and in order to answer this argument, we look to the entire record to determine what transpired. The record is clear that appellant was afforded notice and a hearing and was represented by eminently qualified counsel, had an opportunity to confront and cross-examine witnesses, and an opportunity to be heard and present evidence. She also had a right to determine whether the jurors were, in fact, "disinterested." Because she was afforded all these fundamental procedural safeguards, we cannot agree that her procedural due process rights were violated.
 IV
Issues three and four raised by the appellant, which relate to the alleged error committed by the trial judge in refusing to give certain charges, have not been properly preserved for consideration on appeal. Under Rule 51, ARCP, "[n]o party may *Page 14 
assign as error the . . . failing to give a written instruction . . . unless he objects thereto before the jury retires to consider its verdict." It does not appear from the record that the appellant made any objection to the charges to the jury. We realize that this proceeding was in the probate court, but according to Rule 1, ARCP, the Alabama Rules of Civil Procedure apply in probate courts "exercising statutory equitable jurisdiction." The probate court was exercising such jurisdiction pursuant to Code 1975, § 26-2-40 et seq.
Therefore, the error complained of in appellant's issues three and four has not been properly preserved for purposes of this appeal.
 V
Finally, appellant argues that the summary denial of her motion for a new trial violated due process and equal protection considerations. As stated in Smith v. Smith,254 Ala. 404, 48 So.2d 546 (1950):
 Where there is evidence which if believed justifies the verdict, a motion for new trial is properly overruled.
Therefore, based upon the foregoing, the judgment of the probate court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.