EMBRY, Justice.
First Baptist Church of Grayson Valley, Inc., sued Shell and Nationwide, Inc., for damages on account of fraudulent representations made by Shell in connection with the issuance and sale of bonds of the Church. The trial resulted in a verdict against Shell in the amount of $62,000 but the jury expressly exonerated Nationwide.
Insurance Company of North America is surety on a statutory securities dealer bond with Nationwide, a registered securities dealer, the principal. The condition of that bond pertinent to this case is:
“[If] said principal ... shall promptly and faithfully pay any judgment rendered against it .. . for any fraud or misrepresentation in the sale of securities sold or dealt in by said principal under the above-mentioned registration ... then this obligation shall be null and void... . ”
Judgment was entered on the verdict in favor of Nationwide on 11 February 1982. On 21 April 1982 the Church filed what it denominated: “Motion to Enforce Liability of Surety” seeking to compel payment of $10,000 under the above-referenced bond as well as $25,000 under a blanket bond indemnifying Nationwide against loss due to the fraud of any employee.
On 15 November 1982, following various additional filings by the Church, and after a hearing, the trial court entered *30 a statement of the proceedings had in connection with the Church’s post-judgment motion. The statement included the following:
“[T]his court has undertaken to set forth the question urged by the plaintiff-appellant as follows:
“ ‘Does Section 8-6-3(c) of Code of Alabama 1975, make the Insurance Company of North America, and/or Nationwide Bond, Inc. liable to the plaintiff under the provisions and conditions of their bond (Exhibit 1 of plaintiff-appellant’s “Motion to Enforce Liability of Surety”) though the jury has found as a question and matter of fact, that the defendant, Samuel B. Shell, was not acting in the line and scope of his employment or agency for either Nationwide Bond, Inc., nor Insurance Company of North America, at the time and place of the events made the basis of the suit, Case No. CV 80-01782?’ ”
The Church urges that its motion is a proper one under Rule 65.1, ARCP. In that regard, it is laboring under a misconception of the law as well as the nature of the proceedings in this case. Insurance Company of North America is only liable for payment of any judgment that Nationwide should fail to pay. There is no judgment against Nationwide. Moreover, the allegations of the motion, if anything, would be more properly characterized as stating an original cause of action against Nationwide and Insurance Company of North America.
Further, the order overruling, denying, and dismissing the motion is not a final appealable judgment. If indeed it were, then it was filed months after the thirty days had expired for the filing of a Rule 59, ARCP, motion for new trial as to Nationwide and, of course, could have not affected Insurance Company of North America, a nonparty in the action for fraud. It follows that even if the order disposing of the motion be an appealable one, the notice of appeal was not timely filed (Rule 4, ARAP) and this court is without jurisdiction. Therefore for the reasons stated this appeal is due to be and is hereby dismissed.
APPEAL DISMISSED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.