This is an appeal from summary judgment for the defendant in an action for negligent mismanagement of a living trust, conspiracy and fraud against the deceased beneficiary of the trust, and breach of the fiduciary duty owed by the trustee/executor to the decedent. The action was brought by the decedent's testamentary heir. We affirm.
Appellant Elliott P. Broughton is one of three heirs of the estate of Dorothy Carter Broughton, who died in 1979 in Mobile, Alabama. In 1971, Mrs. Broughton entered into a trust agreement with Merchants National Bank of Mobile (Merchants). The agreement provided that Merchants would manage the trust for Mrs. Broughton's benefit during her lifetime and that, upon her death, it would pay over any remaining trust property to her estate. Mrs. Broughton's will also named Merchants as executor of her estate.
After Mrs. Broughton's death, Merchants filed a petition for the probate of her will in the Probate Court of Mobile County. The petition for final settlement was heard by the probate court in March 1983. In that hearing, Elliott Broughton submitted a memorandum brief outlining his objections to the settlement of the estate. He contended that Merchants "did not execute fully or properly its duties as an Executor of this Estate"; that the executor "failed in its fiduciary capacity because of an inherent conflict of interest"; and that Merchants mismanaged and misadministered the living trust. Broughton requested that the probate court order "an independent audit so that the true facts of the management of this trust (and therefore estate) can be made known to the court." Merchants submitted a brief in reply.
The probate court issued its decree on final settlement, finding that Merchants had properly administered the estate and releasing Merchants from any further duty or liability to Mrs. Broughton's estate. Rather than appealing this order of the probate court, Broughton filed a new complaint in the Mobile Circuit Court. The five counts of that complaint are quoted in pertinent part below:
"COUNT I
 "1. Defendant Merchants agreed by contract and trust arrangement to serve as Trustee for a trust created by Dorothy Carter Broughton in Mobile, Alabama, in 1971.
 "2. As a part of that contract or trust the Defendant Merchants was given certain assets in the form of stocks, bonds, mutual funds and/or other securities.
 "3. Defendant Merchants was also given the power as Trustee to manage those assets and invest the same in order to provide income to the creator.
 "4. The approximate value of those assets which were deposited by the creator either at the time of the creation of this trust or thereafter created a total corpus in the amount of thirty-six thousand dollars ($36,000.00).
 "5. Because of Defendant Merchants' negligence in management of this trust and/or its willful and wanton neglect or misconduct in management of this trust, the value of these assets was allowed to deplete to a value of approximately thirty thousand dollars ($30,000.00).
 "6. As a direct result of this neglect, mismanagement or willful misconduct on the part of the Defendant Merchants the Plaintiff was caused to suffer financial losses which resulted from the unnecessary reduction of the corpus of this trust he inherited through the estate of Dorothy Carter Broughton subsequent to her death in 1979. Plaintiff was further caused mental distress and suffering because of the conduct and negligence and wanton conduct or neglect of Defendant Merchants and was caused to expend large fees for attorneys, travel expense and other costs involved in this matter.
". . . .
"COUNT II *Page 100 
". . . .
 "8. Defendants A, B, C, D and E whose true names and/or identities are unknown to Plaintiff at this time acted either together with Defendant Merchants or as agents for Defendant Merchants in managing and/or investing the assets of the trust. In so doing, these Defendants also negligently mismanaged or failed to manage the corpus of this trust and/or wantonly and recklessly managed this trust so as to cause unnecessary losses which resulted in damage to plaintiff.
". . . .
"COUNT III
". . . .
 "10. All of these Defendants acted together and with others and conspired to defraud the decedent Dorothy Carter Broughton of certain assets contained in this trust.
". . . .
"COUNT IV
". . . .
 "12. Defendants defrauded the creator of this trust, Dorothy Carter Broughton, of the reasonable value of these lost assets.
". . . .
"COUNT V
". . . .
 "15. Plaintiff shortly thereafter made complaints to the Executor about the mismanagement of the trust and asked the Executor for an explanation. Additionally, complaints were made as to the fact that the Executor did not make and could not make an independent investigation of the handling of the trust.
 "16. Defendant Merchants thereby intentionally placed itself in a position of conflict between its duties as Executor and its duties as Trustee and as a result of holding both positions created a conflict of interest and thus prima facielly [sic] breeched [sic] its fiduciary duty to Dorothy Carter Broughton."
In an affidavit filed in response to Merchants' motion for summary judgment, Broughton stated:
 "At no time during final settlement of this estate nor during any part of the handling of this estate did I ever assert the claims against Merchants National Bank which I am asserting through the present Complaint. That is, I never pursued the matter of the tortious conduct on the part of the Defendant Merchants Bank before any court.
 "In addition, I can also state under oath that the matter which is raised by the present Complaint concerning the inherent conflict of interest on the part of Merchants National Bank in attempting to perform two tasks in relation to this estate was not raised for further consideration by the Probate Court of Mobile County, Alabama."
Notwithstanding the assertions contained in his affidavit, the trial court granted summary judgment against Broughton.
On appeal, Broughton argues that the statements made in his affidavit furnish at least a scintilla of evidence that genuine issues of material fact exist in this case and that the administration of Dorothy Carter Broughton's estate in the probate court did not bar this action for tortious misconduct against the trustee and executor. Merchants, on the other hand, contends that a testamentary heir has no standing to bring exdelicto claims against his decedent's trustee or executor. Merchants further contends that, under the doctrine of res judicata, this action is barred by the final settlement order entered in the probate court, where the same issues were litigated.
The dispositive issue in this case is whether the probate court's decree, which absolved the executor of wrongdoing, bars Broughton from brining this separate action in tort. We agree with Merchants' argument that these claims are barred by the doctrine of res judicata.[1] The four essential elements of resjudicata are: *Page 101 
 "(1) [P]rior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits. Stevenson v. International Paper Co., 516 F.2d 103 (5th Cir. 1975). If these elements are present, then the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue which was or could have been litigated in the prior action. McGruder v. B L Construction Co., 331 So.2d 257 (Ala. 1976)." Wheeler v. First Ala. Bank of Birmingham, 364 So.2d 1190, 1199 (Ala. 1978).
As the following analysis demonstrates, each of these four elements is present in the case at bar.
The judgment of a probate court is entitled to the same finality as the judgment of any other court of general jurisdiction. A probate court is a court of record and is "vested with original and general jurisdiction in practically all matters having to do with probate and administration of decedents' estates or with orphans' business. . . . Its judgments and decrees are entitled to the `same validity and presumption which are accorded to judgments and decrees of other courts of general jurisdiction.'" Opinion of theJustices, 280 Ala. 653, 657, 197 So.2d 456, 460 (1967). Furthermore, "[w]here jurisdiction has attached, a decree of the Probate Court, within its sphere of jurisdiction, is as conclusive as that of any other court of general jurisdiction, and is aided by the same intendments of law." White v. Hilbish,282 Ala. 498, 502, 213 So.2d 230, 234 (1968).
Section 12-13-1 establishes the general jurisdiction of probate courts:
 "(b) The probate court shall have original and general jurisdiction over the following matters:
". . . .
 "(3) All controversies in relation to the right of executorship or of administration.
 "(4) The settlement of accounts of executors and administrators.
". . . .
 "(11) Such other cases as jurisdiction is or may be given to such courts by law in all cases to be exercised in the manner prescribed by law.
 "(c) All orders, judgments and decrees of probate courts shall be accorded the same validity and presumptions which are accorded to judgments and orders of other courts of general jurisdiction." (Emphasis added.)
In addition to having original and general jurisdiction over executorship, the probate court of Mobile County was also granted general equity power concurrent with that of the circuit court by Act No. 974, 1961 Ala. Acts, p. 1551:
 "Section 1. That the Probate Courts in all counties of this State which now have or may hereafter have a population of over 300,000 and less than 500,000, according to the last or any subsequent Federal census, shall have general equity jurisdiction concurrent with that of the Circuit Courts, in equity, of this State, in the administration of the estates of deceased persons, minors and insane persons, including testamentary trust estates." (Emphasis added.)
Thus, the probate court clearly had jurisdiction to render a decree on final settlement of Mrs. Broughton's estate, even though issues of negligence and mismanagement were raised. Indeed, at the hearing upon final settlement in the probate court, Broughton, through his attorney's brief and cross-examination of witnesses, raised the issues of mismanagement of the living trust and conflict of interest, charging that the trustee/executor failed in its fiduciary capacity. Thus, the probate court considered these issues before rendering its decree on the merits in favor of Merchants. *Page 102 
Although Broughton contends that he was not a party to the proceedings in the probate court, Merchants maintains that he was a party. In Smith v. Rice, 265 Ala. 236, 240, 90 So.2d 262,266 (1956), the Court used the following criteria to determine who was a party to proceedings in the Probate Court of Jefferson County:
 "From the record before us it seems clear that the decree appealed from was not rendered in an ex parte proceeding. On the contrary, both appellant and appellee filed pleadings and amendments thereto, both of said parties were represented by counsel, and both called, examined and cross-examined witnesses. There is every indication that the parties considered themselves engaged in an adversary proceeding. . . ." (Emphasis added.)
Broughton appeared at the hearing and was represented by counsel; his attorney submitted a brief to the probate court and cross-examined witnesses during the hearing. Thus, Broughton clearly was a party to those proceedings.
Furthermore, the fact that Broughton added five fictitious defendants in his complaint in the circuit court does not violate the requirement that the parties to both suits be identical. As this Court has stated:
 "For the purposes of res judicata, the joinder of additional parties does not prevent the bar to a later suit if the party against whom res judicata is asserted, the church here, was a party formerly. AAA Equipment Rental, Inc. v. Bailey, 384 So.2d 107
(Ala. 1980); Geer Bros v. Crump, 349 So.2d 577 (Ala. 1977)." First Baptist Church of Grayson Valley, Inc. v. Nationwide Bond, Inc., 460 So.2d 1258, 1261 (Ala. 1984).
The first three elements of res judicata being present in this case, it is necessary to determine whether the cause ofaction is the same in both the original proceeding and the present action. The determination of this issue "depends on whether the issues in the two suits are the same and whether the same evidence would support a recovery in both suits. GeerBrothers, Inc. v. Crump, 349 So.2d 577 (Ala. 1977), quotingSessions v. Jack Cole Co., 276 Ala. 10, 158 So.2d 652 (1963)."Dominex, Inc. v. Key, 456 So.2d 1047, 1054 (Ala. 1984).
In Dominex and in the more recent case of Chandler v.Commercial Union Ins. Co., 467 So.2d 244 (Ala. 1985), this Court engaged in an extensive analysis of the cause-of-action element of res judicata. In Chandler, we observed:
 "As this Court has not infrequently stated, the proper inquiry is whether the issue was actually litigated or whether it could have been litigated. Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala. 1978); McGruder v. B L Construction Co., 331 So.2d 257 (Ala. 1976); McCormick v. McCormick, 221 Ala. 606, 130 So. 226
(1930). In this case, both the breach of contract claim, which was the subject of plaintiff's first action, and the bad faith and fraud claims, which were the subjects of this second action, all arose from a single act, the refusal to pay the proceeds of the policy. Thus, there was only one cause of action, and the first judgment became a bar to the second action. Cf. Geer Brothers, Inc. v. Crump, 349 So.2d 577 (Ala. 1977), and Sessions v. Jack Cole Company, 276 Ala. 10, 158 So.2d 652 (1963)." 467 So.2d at 250.
In the present case, both the allegations asserted by Broughton in the probate court and the claims he now asserts in this case arose from the same nucleus of circumstances, those being Merchants' handling of the trust and the estate, as well as the alleged conflict of interest or fraud resulting therefrom. Broughton has not presented in this action any new or different evidence from that which he presented in the probate court; the facts alleged in support of his claims before the circuit court are the same as those before the probate court.
Furthermore, Broughton could have raised the issues of fraud, conspiracy to defraud, and mismanagement of the living trust in the probate court proceedings. *Page 103 
While that court could not have awarded him the damages he now seeks, he did have a recourse. Broughton could have asserted his claims sounding in tort by having the case removed to the circuit court before the probate court had rendered its decree of final settlement. Section 12-11-41, Code of 1975, provides:
 "The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court."
Removal was not Broughton's only possible course of action. Having lost the right to removal when the probate court entered upon final settlement (Culp v. Godwin, 295 Ala. 316,329 So.2d 88 (1976); White v. Hilbish, 282 Ala. 498, 213 So.2d 230
(1968)), Broughton could have appealed to the circuit court for a trial de novo. Such appeals are provided by §§ 12-22-2 and -20, Code of 1975.
"§ 12-22-2
 "From any final judgment of the circuit court or probate court, an appeal lies to the appropriate appellate court as a matter of right by either party, or their personal representatives, within the time and in the manner prescribed by the Alabama Rules of Appellate Procedure."
"§ 12-22-20
 "An appeal lies to the circuit court or supreme court from any final decree of the probate court, or from any final judgment, order or decree of the probate judge; and, in all cases where it may of right be done, the appellate court shall render such decree, order or judgment as the probate court ought to have rendered."
Summary judgment was properly granted in favor of Merchants. Because we find that prior proceedings bar relitigation of the claims, we need not address Merchants' contention that the exdelicto claims did not survive or are barred by the statute of limitations. Therefore, the judgment below is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] Because we hold that the claims asserted by Broughton are barred by res judicata, we decline to reach the issue of whether these claims survive in favor of Broughton and against Merchants.