James Samuel Johnson died testate in Tuscaloosa County, Alabama, on November 2, 1985. His will was admitted to probate. It named Ollie Doris Martin executrix and sole beneficiary of the estate.
Martin filed a petition to have a special administrator appointed ad colligendum to sell personal property at a private sale. In the petition, Martin alleged that Johnson died seized and possessed of certain perishable property, which consisted of livestock, valued at $800.00 and located in Tuscaloosa County. Martin specifically requested that the probate court grant letters of special administration to Al Vreeland, general county administrator, on the estate of James Samuel Johnson. In its order, the probate court appointed Al Vreeland special administrator ad colligendum to sell at private sale that certain property mentioned in the petition. Additionally, the letters of administration ad colligendum granted to Al Vreeland expressly state that he "has been duly qualified and given bond as special administrator; and is authorized to collect and preserve the property of the estate."
Thereafter, Martin filed a petition to compel an accounting and a settlement from the administrator ad colligendum. In response thereto, Vreeland filed an answer and a petition for settlement. This document was sworn to by Vreeland, and it set *Page 25 
out the facts that occurred in his administration of the estate.
After holding a hearing, the probate court issued a decree approving the settlement of the administrator ad colligendum, and as part of its findings, the probate judge held that Vreeland had "collected and protected the assets of the estate having any value . . . and ha[d] not used any assets of the estate for his own personal benefit or the benefit of others;" Vreeland was discharged from his appointment as administrator ad colligendum, and he and his surety were discharged from any further liability. Martin's motion to set aside the decree was denied, and she filed a notice of appeal to the circuit court for trial de novo. On the same date this notice was filed, the probate court ordered that all of the probate records concerning the matter be transferred to the circuit court of Tuscaloosa County, Alabama, for the circuit court's consideration.
An appeal from a final judgment of the probate court to the circuit court is authorized in Ala. Code 1975, §§ 12-22-2 and12-22-20. Section 12-22-2 provides as follows:
 "From any final judgment of the circuit court or probate court, an appeal lies to the appropriate appellate court as a matter of right by either party, or their personal representatives, within the time and in the manner prescribed by the Alabama Rules of Appellate Procedure."
Section 12-22-20 provides as follows:
 "An appeal lies to the circuit court or supreme court from any final decree of the probate court, or from any final judgment, order or decree of the probate judge; and, in all cases where it may of right be done, the appellate court shall render such decree, order or judgment as the probate court ought to have rendered."
In Prestwood v. Prestwood, 395 So.2d 8 (Ala. 1981), we held that "section 12-22-20 . . . allows an appeal to this court or to the circuit court. It does not allow a trial de novo, with jury, in the circuit court, as appellant contends."[1] Under these statutory provisions, an appeal to the circuit court should follow the same procedure as an appeal to this Court, i.e., the appeal should be conducted in the manner prescribed by the Alabama Rules of Appellate Procedure. The Alabama Rules of Appellate Procedure do not provide for a trial de novo with jury. Therefore, in the instant case, because the action was appealed to the circuit court, the circuit court's appropriate course of action was to exercise its appellate jurisdiction in reviewing the final judgment of the probate court.
Vreeland filed a motion for summary judgment based upon the evidence presented to the probate court. Martin opposed the granting of the motion. Given this posture of the case, the circuit court granted the motion for summary judgment.[2] The only evidence before the probate court was the sworn statement of Vreeland regarding the actions he took to sell and preserve the assets of the estate. Based on this evidence, the probate court correctly issued a decree approving the settlement of the administrator ad colligendum and finding that Vreeland had "collected and protected the assets of the estate having *Page 26 
any value . . . and had not used any assets of the estate for his own personal benefit or the benefit of others," and discharging him from his appointment as administrator ad colligendum, and discharging him and his surety from any further liability. Lantrado, Inc. v. Henry County Bank,452 So.2d 1328 (Ala. 1984).
Based on the foregoing, we hold that, after reviewing the evidence before the probate court, the circuit court appropriately entered summary judgment in favor of Vreeland. Therefore, the judgment appealed from is due to be affirmed.
AFFIRMED.
JONES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] The appellant asserts that Broughton v. Merchants NationalBank of Mobile, 476 So.2d 97 (Ala. 1985), is in conflict withPrestwood. The holding in Broughton is not contrary to the holding in Prestwood. There is language, however, in dictum inBroughton, that does conflict with the holding in Prestwood.
The statement that "Broughton could have appealed [italicized in the original] to the circuit court" is correct. The addition of the words "for a trial de novo" is erroneous. That sentence in Broughton should be read: "Broughton could have appealed to the circuit court." Broughton, at 103.
[2] These actions by each party, while technically inappropriate in a case where the circuit court sits as an appeals court hearing an appeal from a judgment of the probate court, §12-22-20, Code, were nevertheless sufficient to illuminate the issues on appeal. The appellee's "motion for summary judgment" based upon the evidence produced in the probate court, could have been designated more appropriately "issue presented for review" in support of her argument for affirmance of the probate court's decree. Substantively, however, the circuit court did not err to reversal here in granting the motion, because its effect was to affirm the action of the probate court.