[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 916 
Chapman Nursing Home ("CNH") appeals from a summary judgment entered in favor of Cathy Ann Boddie McDonald. The trial court found that CNH's claims of fraud and civil theft were barred by the affirmative defenses of res judicata and collateral estoppel. We affirm on the basis *Page 917 
that CNH's claims are barred by the doctrine of res judicata.
 Facts and Procedural History
In March 2003, CNH terminated the employment of Cathy Ann Boddie McDonald and James Chapman. McDonald had been employed as a bookkeeper, and her job responsibilities included accepting and depositing the checks of residents at CNH. CNH accused both McDonald and Chapman of endorsing and cashing checks that were payable to CNH. CNH claims that because of Chapman and McDonald's actions, CNH has been deprived of over $1,000,000.
After CNH terminated McDonald's employment, McDonald applied for unemployment compensation pursuant to § 25-4-1 etseq., Ala. Code 1975. A hearing officer of the Department of Industrial Relations, the administrative agency that determines unemployment-compensation eligibility, heard McDonald's claim. The hearing officer found that McDonald was eligible to receive unemployment-compensation benefits despite CNH's argument that McDonald was not eligible because, CNH argued, she engaged in dishonest and criminal acts.[1] CNH appealed the hearing officer's decision to the hearings and appeals division of the Department of Industrial Relations. CNH and McDonald were represented by counsel on appeal, and both parties presented testimony and admitted documents into evidence. The appeals division affirmed the decision of the hearing officer and stated that "[t]he evidence does not show conclusively that the claimant misappropriated company funds or knowingly aided and abetted others in the theft of funds." CNH applied for leave to appeal that decision to the board of appeals pursuant to § 25-4-92(c), Ala. Code 1975. The board of appeals denied CNH's application for leave to appeal. CNH promptly appealed to the Coosa Circuit Court pursuant to § 25-4-95, Ala. Code 1975, which provides that the appropriate circuit court for judicial review of the decision of a hearing officer of the Department of Industrial Relations is the circuit court in the county where the claimant resides. The statute specifies that the trial in the circuit court is de novo.
While the appeal of the hearing officer's decision was pending in the Coosa Circuit Court, CNH brought a civil action against McDonald and James Chapman in the Tallapoosa Circuit Court alleging fraud, negligence/wantonness, conspiracy to commit fraud, breach of fiduciary duty, suppression, and civil theft. McDonald moved to dismiss the civil action or, in the alternative, to transfer the civil action pursuant to § 6-5-440, Ala. Code 1975, from the Tallapoosa Circuit Court to the Coosa Circuit Court. Section 6-5-440 provides:
 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
The Tallapoosa Circuit Court granted McDonald's motion to transfer. CNH then petitioned this Court for the writ of mandamus asking this Court to set aside the transfer order. We held that the transfer was not authorized by § 6-5-440 *Page 918 
and issued the writ of mandamus. Ex parte ChapmanNursing Home, Inc., 903 So.2d 813 (Ala. 2004).
At the time, CNH's administrative appeal from the decision of the hearing officer was still pending in the Coosa Circuit Court. The civil action in the Tallapoosa Circuit Court did not immediately go to trial, and the case was twice set for a docket call. On December 29, 2005, McDonald moved the trial court pursuant to § 6-5-440 to require CNH to elect which action it chose to pursue.[2] McDonald contended that the Tallapoosa and Coosa County actions required similar factual resolutions, and, as a result, that CNH was not entitled to pursue simultaneous actions under the statute. CNH responded by notifying the Tallapoosa Circuit Court that "[p]laintiff elects to prosecute the above styled action in Tallapoosa County." Following CNH's election to pursue its civil action in the Tallapoosa Circuit Court, the Department of Industrial Relations moved the Coosa Circuit Court to dismiss CNH's administrative appeal pending in that court.[3] The Coosa Circuit Court granted that motion and dismissed CNH's appeal.
Several months after CNH's administrative appeal in the Coosa Circuit Court had been dismissed, McDonald amended her answer to assert that CNH's civil claims were barred by the affirmative defenses of res judicata and collateral estoppel.[4] McDonald then moved for a summary judgment, arguing that questions as to her involvement in the alleged fraud and theft had already been decided in the unemployment-compensation hearing. The Tallapoosa Circuit Court agreed with McDonald and, entered a summary judgment in her favor. CNH now appeals.
 Standard of Review
"We review the trial court's grant or denial of a summary judgment motion de novo." Smith v. State Farm Mut. Auto.Ins. Co., 952 So.2d 342, 346 (Ala. 2006) (citingBockman v. WCH, LLC, 943 So.2d 789 (Ala. 2006)). A summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. If the movant meets this initial burden, the burden then shifts to the nonmovant to present "substantial evidence" showing that a genuine issue of material fact exists. Ex parte Alfa Mut.Gen. Ins. Co., 742 So.2d 182, 184 (Ala. 1999). Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise *Page 919 
of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders LifeAssurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). In determining whether a genuine issue of material fact exists, this Court views the evidence in the light most favorable to the nonmovant and resolves all reasonable doubts in favor of the nonmovant. Jones v. BP Oil Co., 632 So.2d 435, 436
(Ala. 1993). Moreover, "[t]he trial court's ruling on a question of law carries no presumption of correctness, and this Court reviews de novo the trial court's conclusion as to the appropriate legal standard to be applied." Dunlap v.Regions Fin. Corp., 983 So.2d 374, 377 (Ala. 2007) (citingEx parte Graham, 702 So.2d 1215, 1221 (Ala. 1997)).
 Analysis
CNH argues that the Tallapoosa Circuit Court erred by entering a summary judgment in favor of McDonald on the grounds of res judicata because, it argues, the requirements for res judicata are not satisfied. CNH contends that there is no final judgment on the merits, that the parties in the two actions are not the same, and that the administrative appeal and the civil action are not the same causes of action because different standards of proof apply in the administrative appeal and the civil action. CNH also argues that even if res judicata or collateral estoppel does apply, McDonald should be estopped from raising those affirmative defenses because it was she who compelled CNH to elect which action it would pursue, and it is that election that resulted in the dismissal of CNH's administrative appeal in the Coosa Circuit Court.
We initially address whether the affirmative defenses of res judicata and collateral estoppel apply to procedurally bar CNH's civil action in the Tallapoosa Circuit Court.
 "Res judicata and collateral estoppel are two closely related, judicially created doctrines that preclude the relitigation of matters that have been previously adjudicated or, in the case of res judicata, that could have been adjudicated in a prior action.
 "`The doctrine of res judicata, while actually embodying two basic concepts, usually refers to what commentators label "claim preclusion," while collateral estoppel . . . refers to "issue preclusion," which is a subset of the broader res judicata doctrine.'"
Lee L. Saad Constr. Co. v. DPF Architects, P.C.,851 So.2d 507, 516 (Ala. 2002) (quoting Little v. Pizza Wagon,Inc., 432 So.2d 1269, 1272 (Ala. 1983) (Jones, J., concurring specially)). Two causes of action are the same for res judicata purposes when the following four elements are satisfied: "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." Equity Res. Mgmt., Inc. v.Vinson, 723 So.2d 634, 636 (Ala. 1998). "If those four elements are present, then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation." Id. (citing Dairyland Ins.Co. v. Jackson, 566 So.2d 723, 725-26 (Ala. 1990)).
CNH denies that the first element of res judicata, a prior judgment on the merits, is satisfied because the final judgment McDonald relies upon is the Coosa Circuit Court's dismissal of its administrative appeal. CNH contends that the dismissal was not a prior judgment on the merits because the dismissal order recognized that CNH had elected to pursue the action in the Tallapoosa Circuit Court rather than the Coosa Circuit Court. McDonald responds *Page 920 
that there is a final judgment on the merits because, she argues, the hearing officer's findings that McDonald had not engaged in dishonest or criminal behavior became final by operation of law when CNH dismissed its appeal and the statutory time allotted for appeal had elapsed.[5]
We agree with McDonald that CNH's dismissal of its appeal from the decision of the administrative agency operates as a final judgment on the merits. CNH appealed the adverse decision of the hearing officer to the Coosa Circuit Court pursuant to § 25-4-95, Ala. Code 1975. CNH subsequently dismissed its appeal, and once CNH's time to appeal the decision of the hearing officer had elapsed, the dismissal of the appeal was effectively with prejudice. Ex parte Buffalo Rock Co.,941 So.2d 273, 278 (Ala. 2006) ("[An] agreement to dismiss personal-injury claim without prejudice precluded the filing of a new claim when plaintiff failed to present evidence indicating that agreement included waiver of the statute-of-limitations defense." (summarizing holding inJones v. Phillips, 553 So.2d 106 (Ala. 1989))). Once the time for appeal had expired, the hearing officer's decision that CNH had failed to adduce sufficient evidence proving that McDonald had committed fraud became a final judgment on the merits. We therefore conclude that the first element of res judicata is satisfied.
The second element of res judicata is that the final judgment on the merits must have been rendered by a court of competent jurisdiction. This second element is satisfied because this Court has held that an administrative agency is empowered to issue decisions on matters that fall within the ambit of its statutory jurisdiction. "`The rule which forbids the reopening of a matter once judicially determined by competent authority applies as well to the judicial and quasi-judicial acts of public, executive, or administrative officers and boards acting within their jurisdiction as to the judgments of courts having general judicial powers.'" Limbaugh v. Board of Managers,City of Birmingham Ret. Relief Sys., 628 So.2d 623,624 (Ala.Civ.App. 1993) (quoting Mahaffey v. Board ofManagers, 515 So.2d 1261, 1262 (Ala.Civ.App. 1987)). Because the hearing officer has statutory jurisdiction to render binding decisions on unemployment-compensation-benefit claims, the decision that McDonald was entitled to unemployment benefits was rendered by a court of competent jurisdiction.
CNH argues that the third element of res judicata is not satisfied because, it says, the parties in the unemployment-compensation dispute differed from the parties in the civil action. CNH argues that the parties in the two cases are not substantially similar because the Department of Industrial Relations was a defendant in the unemployment-compensation action, but it is not a party in the civil action. McDonald contends that the parties in the two actions are substantially similar because CNH and McDonald were adverse parties in the unemployment-compensation dispute and are adverse parties in the civil action. We agree with McDonald. *Page 921 
"`[T]he party identity criterion of res judicata does not require complete identity, but only that the party against whom res judicata is asserted was either a party or in privity with a party to the prior action[.]'" DairylandIns. Co. v. Jackson, 566 So.2d at 725 (quoting Whismanv. Alabama Power Co., 512 So.2d 78, 82 (Ala. 1987)). Our caselaw requires that "there is a substantial identity of parties in the two actions." Ex parte Ford Motor CreditCo., 772 So.2d 437, 440 (Ala. 2000). Substantial identity requires that the "`parties be identical, sometimes referred to as the mutuality of estoppel requirement.'" Stewart v.Brinley, 902 So.2d 1, 10 (Ala. 2004) (quotingMcMillian v. Johnson, 878 F.Supp. 1473, 1520
(M.D.Ala. 1995)). CNH is incorrect that the presence of the Department of Industrial Relations as one of the defendants in the unemployment-compensation action destroys the element of substantial identity of the parties in this case. CNH was adverse to McDonald in the unemployment-compensation action and is currently adverse to McDonald in this civil action. Therefore, CNH and McDonald satisfy the mutuality-of-estoppel requirement.
The fourth and final element of res judicata is that the same cause of action must be present in both actions. McDonald argues that the two actions are the same for res judicata purposes because, she says, the conduct CNH claims was fraudulent and dishonest arises out of the same nucleus of operative facts. McDonald asserts that "[b]oth the Coosa case (along with the administrative hearing) and the Tallapoosa case share one central issue: the reason for McDonald's discharge, i.e., the sufficiency of the evidence of her alleged defalcation." McDonald's brief at 20. CNH contends that the causes of action in the unemployment-compensation action and the civil action are not the same actions because, it says, the two actions serve different purposes. The purpose of the unemployment-compensation action was to determine McDonald's eligibility for unemployment benefits, but in the civil action CNH seeks monetary compensation for the fraudulent theft that CNH alleges McDonald engaged in while she was a CNH employee. We disagree.
Discussing the same-cause-of-action element of res judicata, this Court has noted that "`"the principal test for comparing causes of action [for the application of res judicata] is whether the primary right and duty or wrong are the same in each action."'" Old Republic Ins. Co. v.Lanier, 790 So.2d 922, 928 (Ala. 2000) (quoting Weschv. Folsom, 6 F.3d 1465, 1471 (11th Cir. 1993)). This Court further stated: "`Res judicata applies not only to theexact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts.'" 790 So.2d at 928 (quotingWesch, 6 F.3d at 1471). As a result, two causes of action are the same for res judicata purposes "`when the same evidence is applicable in both actions.'" Old Republic Ins.Co., 790 So.2d at 928 (quoting Hughes v. Martin,533 So.2d 188, 191 (Ala. 1988)).
In Broughton v. Merchants National Bank, 476 So.2d 97
(Ala. 1985), this Court held that the same-cause-of-action requirement was satisfied under circumstances similar to those here. In that case, Elliott Broughton, an heir of the decedent, challenged the settlement of the decedent's estate because, he alleged, Merchants Bank, the administrator and executor of the estate, had mismanaged the assets of a living trust, thereby depriving Broughton of a portion of his testamentary disposition. The probate court disagreed and found that Merchants had properly administered Mrs. Broughton's estate. *Page 922 
476 So.2d at 99. Instead of appealing the decision of the probate court, Broughton filed a new complaint in the Mobile Circuit Court alleging negligence, willful and wanton neglect, reckless mismanagement of the trust, fraud, and conspiracy to defraud. Broughton contended that the doctrine of res judicata did not apply because he had not raised the tort claims in the contest challenging Merchants Bank's handling of the estate.476 So.2d at 99-100. The trial court held that Broughton's claims were barred by the doctrine of res judicata, and this Court affirmed that decision, stating that "the allegations asserted by Broughton in the probate court and the claims he now asserts in this case arose from the same nucleus of circumstances, those being Merchants' handling of the trust and the estate, as well as the alleged conflict of interest or fraud resulting therefrom." 476 So.2d at 102. This Court also concluded that the two actions were the same for res judicata purposes because "Broughton ha[d] not presented in this action any new or different evidence from that which he presented in the probate court." 476 So.2d at 102.
In this case, CNH defended against McDonald's unemployment-compensation action by arguing that her dishonest and criminal acts defrauded CNH of over $1,000,000 and disqualified her for unemployment-compensation benefits. After the hearing officer determined that McDonald was eligible to receive unemployment-compensation, CNH brought a civil action in the Tallapoosa Circuit Court alleging, among other charges, that McDonald had committed fraud, conspiracy to commit fraud, and civil theft. Like the conduct at issue inBroughton the conduct that formed the basis of CNH's defense in the unemployment-compensation action and the conduct that forms the basis of CNH's claims in the civil action both arise out of the same nucleus of operative facts. Moreover, CNH would have to present substantially the same evidence in its civil action that it presented in its unemployment-compensation action because both cases require evidence directed at proving that McDonald defrauded CNH.
CNH further contends that the unemployment-compensation action and this civil action are not the same cause of action for res judicata purposes because the standard of proof applied in the unemployment-compensation action differs from that applied in this civil suit. CNH points to language in the written decision of the appeals division of the Department of Industrial Relations that "[t]he evidence does not show conclusively that the claimant misappropriated company funds or knowingly aided and abetted others in the theft of funds." CNH argues that this language illustrates that the appeals division applied a "conclusive-evidence" standard of proof in the unemployment proceeding and further contends that this conclusive-evidence standard is higher than the preponderance-of-the-evidence standard applied in civil cases. CNH argues that res judicata should not preclude it from bringing its claim against McDonald, because, it argues, CNH may be able to satisfy the lower preponderance-of-the-evidence standard. The language from the decision of the appeals division, however, is the only evidence CNH provides to substantiate its claim that the standard of proof in an unemployment-compensation proceeding is a conclusive-evidence standard. CNH does not cite any statute or caselaw that demonstrates that the standard of proof in unemployment-compensation proceedings is higher than the preponderance-of-the-evidence standard in civil cases.[6]
"`When an appellant fails to cite any authority for *Page 923 
an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court's duty nor its function to perform an appellant's legal research.'" Ex parte Showers, 812 So.2d 277, 281
(Ala. 2001) (citing City of Birmingham v. Business RealtyInv. Co., 722 So.2d 747, 752 (Ala. 1998)). Nor does CNH present an argument that the standard of proof in unemployment-compensation proceedings is higher than the general preponderance-of-the-evidence standard.[7] Therefore, because CNH has not demonstrated that the standard of proof in an unemployment-compensation proceeding is higher than that in a civil action, we are not persuaded that the two proceedings are different causes of action for res judicata purposes.
We conclude that the four requirements for the application of res judicata have been satisfied and that CNH's claims against McDonald are barred. Because we find that CNH's civil action is barred by res judicata, we do not address McDonald's separate collateral estoppel argument.
CNH asserts further that even if the affirmative defenses of res judicata and collateral estoppel are available to McDonald, she should be judicially estopped from raising those defenses because, it says, McDonald's argument that § 6-5-440
required CNH to elect whether to pursue its civil action in Tallapoosa County or its administrative appeal in Coosa County is inconsistent with her argument that the civil action is barred by the doctrine of res judicata. CNH contends that McDonald's maneuver in invoking the election statute forced it to choose between (1) pursuing the administrative appeal and attempting to disqualify McDonald from unemployment-compensation benefits, and (2) dismissing the administrative appeal, which permitted McDonald to receive unemployment benefits but which presumably was going to allow CNH to seek monetary damages for fraud and other claims in its civil action. McDonald, however, argues that she did not change her position throughout the course of the two proceedings because, she says, she has consistently maintained that the administrative appeal in the Coosa Circuit Court and the civil action in the Tallapoosa Circuit Court were the same cause of action. McDonald contends that under § 6-5-440, Ala. Code 1975, CNH is not permitted to pursue the same cause of action in two separate actions, and that she therefore properly exercised the statutory prerogative to have CNH elect which action it chose to pursue.
 For judicial estoppel to apply, *Page 924 
 "`(1) "a party's later position must be `clearly inconsistent' with its earlier position"; (2) the party must have been successful in the prior proceeding so that "judicial acceptance of an inconsistent position in a later proceeding would create `the perception that either the first or second court was misled'" (quoting Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 599 (6th Cir. 1982)); and (3) the party seeking to assert an inconsistent position must "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." 532 U.S. at 750-51, 121 S.Ct. 1808. No requirement of a showing of privity or reliance appears in the foregoing statement of factors to consider in determining the applicability of the doctrine of judicial estoppel."
Middleton v. Caterpillar Indus. Inc., 979 So.2d 53
(Ala. 2007) (quoting Ex parte First Alabama Bank,883 So.2d 1236, 1246 (Ala. 2003) (citing in turn New Hampshirev. Maine, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968
(2001))).
We are not persuaded that judicial estoppel applies here. The procedural history supports McDonald's claim that she has maintained consistent positions throughout the two proceedings. She initially argued that the civil action pending in the Tallapoosa Circuit Court should have been transferred to the Coosa Circuit Court because the civil action and the administrative appeal were "in fact two civil actions pending against her for the `same cause of action.'" McDonald's brief at 24. After we held that the transfer was not authorized by § 6-5-440, Ala. Code 1975, McDonald asserted that CNH was required to elect which action it wished to pursue, because CNH was not entitled to pursue the same action against her in two different courts. Thus, McDonald never altered her position that the two cases were the same cause of action. After the decision of the hearing officer became final, McDonald raised the defense of res judicata on the ground that the Tallapoosa action had already been litigated. Thus, McDonald has maintained a consistent position, and we conclude that McDonald is not judicially estopped from raising the affirmative defenses of res judicata and collateral estoppel.
 Conclusion
Because we hold that the doctrine of res judicata applies to bar this action and that McDonald is not judicially estopped from raising that defense, we conclude that the trial court did not err in entering the summary judgment in favor of McDonald, and we therefore affirm that judgment.
AFFIRMED.
COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
[1] Section 25-4-78(3)a, Ala. Code 1975, provides that an individual is disqualified from receiving unemployment-compensation benefits if that individual "was discharged or removed from his work for a dishonest or criminal act committed in connection with his work."
[2] Section 6-5-440 provides that "the defendant may require the plaintiff to elect which he will prosecute, if [the two actions are] commenced simultaneously," and if they are "for the same cause and against the same party." Whether § 6-5-440 applied to these actions is not a question before us on this appeal.
[3] At this stage of the proceedings, McDonald remained the only defendant in CNH's civil action because the trial court had previously granted CNH's motion to dismiss with prejudice James Chapman as a defendant in the case.
[4] CNH points out in its brief to this Court that McDonald amended her answer without leave of court as required by Rule 15(a), Ala. R. Civ. P. However, the record contains no evidence indicating that CNH objected to McDonald's amended answer; therefore, any argument that her amendment was improper has not been properly preserved for appellate review. See Bechtelv. Crown Cent. Petroleum Corp., 451 So.2d 793, 796 (Ala. 1984) (" `If an affirmative defense is not pleaded it is waived to the extent that the party who should have pleaded the affirmative defense may not introduce evidence in support thereof, unless the adverse party makes no objection in which case the issues are enlarged. . . .'") (quoting Smith v.Combustion Res. Eng'g, Inc., 431 So.2d 1249, 1251
(Ala. 1983)).
[5] Section 25-4-94(d), Ala. Code 1975, provides that, in the absence of an appeal, a decision of the board of appeals becomes final 10 days after the parties receive notice of the decision by mail. Section 25-4-95, Ala. Code 1975, provides that within 30 days after the decision of the board of appeals has become final, a party may seek judicial review of the decision by filing a notice of appeal in the circuit court in the county where the claimant resides.
[6] We note that § 25-4-78, Ala. Code 1975, apparently does not specify the standard of proof that applies when an employer raises a defense to an unemployment-compensation claim. We have generally held that "`a claimant has the burden of proving that he or she is eligible to receive benefits under Ala. Code 1975, § 25-4-77, and that he or she is not disqualified from receiving benefits by § 25-4-78.'"Wal-Mart Stores, Inc. v. Hepp, 882 So.2d 329,333 (Ala. 2003) (quoting Wal-Mart Stores, Inc. v.Smitherman, 743 So.2d 442, 445 (Ala. 1999)). Significantly, the Workers' Compensation Act, a counterpart statute to the unemployment-compensation statute, specifies that the general standard of proof to determine eligibility or disqualification for workers' compensation benefits is the preponderance-of-the-evidence standard. § 25-5-81(c), Ala. Code 1975.
[7] It is not sufficient to demonstrate that a higher standard was erroneously applied in this particular unemployment-compensation case, because any such claim of error was abandoned when CNH failed to appeal the administrative decision on that ground. Butler Cotton Oil Co. v.Brooks, 204 Ala. 195, 197, 85 So. 778, 779 (1920) ("Appellant's motion to dismiss the appeal on the ground that the transcript was not filed in the office of the clerk within 60 days after the signing of the bill of exceptions . . . is waived by the failure to submit the motion at the time of submission on the merits.").