[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10101
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cv-00495-MHT-CSC

NUE CHEER FRANKLIN,

Plaintiff - Appellant,

versus

JUSTIN MATTHEW PARNELL,
Esq., individually, and in his capacity
as employee of Parnell and Crum, P.A.,
PARNELL AND CRUM, P.A.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 2, 2011)

Before CARNES, BARKETT, and ANDERSON, Circuit Judges.

PER CURIAM:

Matthew Parnell and Parnell & Crum, P.A.—a lawyer and his law firm—sent Nue Cheer Franklin a debt-collection letter, attempting to collect an alleged debt Franklin owed to their client. Proceeding pro se, Franklin sued Parnell and Parnell & Crum in Alabama state court alleging fraud and common law negligence for noncompliance with the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g. The court granted the defendants' motion to dismiss, but Franklin was not deterred. She then sued the defendants in federal district court for violating the FDCPA. The district court granted summary judgment in favor of the defendants, finding that Alabama res judicata principles barred Franklin's claims because the Alabama state court had dismissed the earlier lawsuit by Franklin against the defendants on the same cause of action. Franklin then filed this appeal, and she makes three arguments: that the magistrate judge erred by denying her motion for default judgment; that the district court erred by denying her motion for recusal of the magistrate judge; and that the district court erred by granting summary judgment in favor of the defendants.

I.

In Alabama state court, Franklin filed a three-count complaint against Parnell—later amending it to add Parnell & Crum. The first count alleged that the defendants committed fraud, in part because the second paragraph of their debt-collection letter informed Franklin that she had 7 days to pay the alleged debt but on the back of the letter "was the mandatory [FDCPA] 15 USC § 1692g notice which requires the debt collector to allow the debtor 30 days to dispute the alleged debt and request proof for validation of the alleged debt." The second count alleged that the defendants committed common law negligence by not responding to Franklin's request for proof of the alleged debt pursuant to 15 U.S.C. § 1692g. The third count alleged common law negligence because of insufficient service of process. The defendants filed a motion to dismiss, and after the presentation of testimony, consideration of evidence, and taking the matter under advisement, the court dismissed the case.[1] The court's order stated that either party had 14 days to appeal the court's decision. Franklin filed a motion for reconsideration, which the court denied, and the court again stated that the parties had 14 days to appeal.

---

[1] Because the court heard testimony and considered evidence, it may have construed the defendants' motion to dismiss as a motion for summary judgment pursuant to Alabama Rule of Civil Procedure 12(b). Cf. Lloyd Nolan Foundation, Inc. v. HealthSouth Corp., 979 So.2d 784, 792 (Ala. 2007) ("The substance of a motion, not what a party calls it, determines the nature of the motion."). The record does not indicate whether that was the case here, but it does not matter to the result anyway.

Franklin did not appeal but instead filed this action against the defendants. In count one of her federal complaint, she alleged that the defendants violated 15 U.S.C. § 1692g by not responding to her request for validation of the debt. In count two, she alleged that the 7-day/30-day discrepancy violated 15 U.S.C. § 1692e(10)'s prohibition on using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

The summons and complaint were served on the defendants at the Parnell & Crum office on July 8, 2010. Parnell filed a notice of appearance on the defendants' behalf on July 30, 2010, but on July 31, 2010, Franklin filed a motion for default judgment, arguing that the defendants' 21-day response period had expired on July 29, 2010. On August 3, 2010, the defendants filed a motion to dismiss in which they argued that Franklin's claims were barred by res judicata because of the earlier dismissal of Franklin's state court case.

The magistrate judge denied Franklin's motion for default judgment[2] and construed the defendants' motion to dismiss as a motion for summary judgment because it relied on the earlier state court case. Franklin then filed her own motion for summary judgment and a motion for recusal of the magistrate judge. The

_____

[2] The magistrate judge had authority to deny Franklin's motion for default judgment. See 28 U.S.C. § 636(b)(1)(A).

4

magistrate judge's recommendation was that the earlier state court judgment was final and on the merits, all the other elements of res judicata were met, and Franklin's claims were barred. The district court denied Franklin's motion for recusal, adopted the magistrate judge's recommendation, denied Franklin's motion for summary judgment, and granted the defendants' motion for summary judgment.

## II.

Franklin argues that the magistrate judge erred by denying her motion for default judgment. We review for abuse of discretion a magistrate judge's denial of a motion for default judgment. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002). A "default is to be used sparingly" because it "is a drastic remedy which should be used only in extreme situations." Id. at 1316–17.

This was not an extreme situation. The magistrate judge denied Franklin's motion for default judgment because "the defendants' delay was slight, only four days"; Franklin had suffered only slight prejudice, if any; there was no evidence of bad faith by the defendants; and the defendants appeared to have a meritorious res judicata defense. The magistrate judge's decision to deny Franklin's motion for default judgment was not an abuse of discretion.

## III.

5

Franklin also argues that the district court erred by denying her motion for recusal of the magistrate judge. We review for abuse of discretion a district court's denial of a motion for recusal. Draper v. Reynolds, 369 F.3d 1270, 1274 (11th Cir. 2004). A federal judge must recuse herself "in any proceeding in which h[er] impartiality might reasonably be questioned" or when she "has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), (b). "[T]he standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).

Franklin's motion for recusal of the magistrate judge alleged that the following 8 actions by the magistrate judge proved that he was biased against her: (1) the magistrate judge "wantonly denied" Franklin's attempt to proceed in forma pauperis; (2) the magistrate judge accepted the defendants' "untimely answer"; (3) the magistrate judge did not provide Franklin with a copy of the court's order to the defendants to show cause; (4) the magistrate judge accepted the defendants' "anemic and inartfully drafted motion to dismiss comprised only of conclusory statements and conjecture"; (5) the magistrate judge "bash[ed]" Franklin's "legally substantiated[] and cited brief[] as 'hyperbole and rhetoric'"; (6) the magistrate judge construed the defendants' motion to dismiss as a motion for summary judgment and gave Franklin only 10 days to respond; (7) the magistrate judge harassed Franklin with "repeated

orders"; and (8) the magistrate judge accepted the defendants' violation of two orders and a second untimely filing. None of these actions would lead an objective, fully informed lay observer to entertain significant doubt about the magistrate judge's impartiality. The district court's denial of Franklin's motion for recusal was not an abuse of discretion.

IV.

Finally Franklin contends that the district court erred by granting summary judgment in favor of the defendants. We review de novo the grant of summary judgment and draw "all inferences and review[] all evidence in the light most favorable to the non-moving party." Morton v. Cowart, 637 F.3d 1337, 1341 (11th Cir. 2011). "Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)). We also review de novo whether a party's claims are barred by res judicata, and "when we are asked to give res judicata effect to a state court judgment, [we] must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006) (alteration in original) (quotation marks omitted).

Because the defendants contend that an Alabama state court judgment bars

Franklin's federal claims, we apply Alabama res judicata principles. See id. Under

Alabama law the elements of res judicata are "(1) a prior judgment on the merits, (2)

rendered by a court of competent jurisdiction, (3) with substantial identity of the

parties, and (4) with the same cause of action presented in both actions." Chapman

Nursing Home, Inc. v. McDonald, 985 So.2d 914, 919 (Ala. 2007) (quotation marks

omitted). "If those four elements are present, then any claim that was, or that could

have been, adjudicated in the prior action is barred from further litigation." Id.

(quotation marks omitted).

The record shows that those elements are satisfied; therefore, Franklin's federal

lawsuit is barred. First, the Alabama state court's dismissal of Franklin's case was

a prior judgment on the merits. In its order dismissing the case, the court held:

> After presentation of testimony, consideration of the evidence and the
> Court having taken this matter under advisement, it is hereby
> ORDERED, ADJUDGED, and DECREED that the Defendant's Motion
> to Dismiss is GRANTED. Case dismissed.

The court did not specify whether or not its order was on the merits, but Alabama law

establishes that it was. See Ala. R. Civ. P. 41(b) ("Unless the court in its order for

dismissal otherwise specifies, a dismissal under this subdivision and any dismissal

not provided for in this rule, other than a dismissal for lack of jurisdiction, for

8

improper venue, or for failure to join a party . . . , operates as an adjudication upon the merits."); Smith v. Tyson Foods, Inc., 884 So.2d 861, 864–65 (Ala. Civ. App. 2003) ("The trial court's order dismissing Smith's claims does not specify whether the dismissal is with or without prejudice; therefore, the dismissal operates as an adjudication upon the merits. The trial court's judgment, therefore, forever bars Smith from prosecuting her claims against Tyson Foods." (internal citation and quotation marks omitted)). Also the court order stated that each party had 14 days to file an appeal, which is further evidence that the dismissal was on the merits because a judgment that was not on the merits would have allowed Franklin to refile her suit instead of appealing. See Smith v. Union Bank & Trust Co., 653 So.2d 933, 935 (Ala. 1995) (holding that a dismissal not on the merits allows a plaintiff to file a new complaint); cf. Ala. Code. § 12-12-70(a) ("Any party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within 14 days from the date of the judgment . . . .").

The other res judicata elements are satisfied as well. The Alabama state court that entered the judgment was a state district court, and state district courts have jurisdiction in "all civil actions in which the matter in controversy does not exceed ten thousand dollars." Ala. Code § 12-12-30. Franklin's state court suit claimed $10,000 in damages; therefore, the state district court was a court of competent

9

jurisdiction. Further the plaintiff and the defendants in both suits were identical, and both suits presented the same cause of action based on the same alleged noncompliance with 15 U.S.C. § 1692g. See Chapman, 985 So.2d at 921 ("[T]he principle test for comparing causes of action [for the application of res judicata] is whether the primary right and duty or wrong are the same in each action." (alteration in original) (quotation marks omitted)).

For these reasons, the defendants established that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law because Franklin's claims are barred by Alabama's res judicata principles. The district court did not err by granting summary judgment in favor of the defendants.[3]

V.

For the foregoing reasons we affirm the magistrate judge's denial of Franklin's motion for default judgment, the district court's denial of Franklin's motion for recusal, and the district court's grant of summary judgment in favor of the defendants.

**AFFIRMED**.

---

[3] Franklin argues that the district court erred by granting summary judgment for the defendants, in part, because the court did not hold a hearing before rendering its decision, but "[i]t is well settled in this circuit that Rule 56(c) does not require an oral hearing." Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1367 (11th Cir. 2007) (quotation marks omitted).