[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12713
Non-Argument Calendar
_____

D.C. Docket No. l:13-cv-00620-CG-N

JOHN H. MCCULLEY,
LINDA K. MCCULLEY,

Plaintiffs-Appellants,

versus

BANK OF AMERICA, N.A.,
MORRIS K. SIROTE,
JAMES L. PERMUTT,
ANDY SAAG,
SIROTE & PERMUTT PC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(April 2, 2015)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

This is the second lawsuit John McCulley has brought to enjoin the foreclosure of a mortgage he and Linda McCulley gave to Countrywide Home Loans Servicing, L.P. ("Countrywide"), on June 27, 2007, on their residence to secure a note in the principal amount of $347,150.   In the first suit, *McCulley v. Countrywide Home Loans, Inc.* (*McCulley I*), No. 12-0359-CG-C, 2013 WL 3187995 (S.D. Ala. June 21, 2013), filed on May 30, 2012, McCulley sued Countrywide, CWALT, Inc., CWALT, Inc., Alternative Loan Trust 2007- 21CB, The Bank of New York, Mortgage Electronic Registration Systems, and BAC Home Loan Servicing, L.P. ("BAC").   He claimed, with respect to the same mortgage at issue in the instant case: (1) that the note and mortgage, though in default, were not subject to foreclosure; (2) that, due to fraud, no defendant was entitled to receive any mortgage payments; (3) that the defendants had violated the Real Estate Settlement Procedures Act; and, (4) that the defendants had violated the Truth in Lending Act ("TILA").   As relief, McCulley sought a declaratory decree to the effect that residence was not subject to foreclosure.   The defendants moved for summary judgment and the District Court granted the motion, holding that Bank of America, N.A ("BANA"), as successor to BAC (itself the successor to Countrywide), which held the note and mortgage, was entitled to foreclose on the mortgaged property. The court simultaneously dismissed all of McCulley's claims with prejudice.

On December 17, 2013, McCulley, joined by his wife, brought the instant

damages action against BANA, and the law firm of Sirote & Permutt, P.C.,[1] raising several claims related to the allegedly wrongful foreclosure of their property. The defendants promptly moved the District Court to dismiss the McCulleys' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).   Relying on Alabama law, the District Court concluded that the McCulleys' claims were barred by the doctrines of *res judicata* and collateral estoppel because they had already brought one lawsuit, *McCulley I*, based on their claim that BANA lacked the right to foreclose on their home, and lost.   Consequently, BANA was entitled to foreclose on their property.

The McCulleys, proceeding *pro se,* now appeal the District Court's judgment. They argue that the court erred in finding that they had effectively sued BANA in *McCulley I,* and, thus, that the instant suit is barred under the doctrines of *res judicata* and collateral estoppel.   They contend that BANA was not named as a defendant in the *McCulley I* complaint and was thus not a party to that suit.[2]   They further argue that the record does not establish that the final judgment in *McCulley I* applied to either BANA or Sirote, as they were not parties to that suit.

We review *de novo* a district court's grant of a motion to dismiss for failure to

---

[1] The complaint also named several of the firm's lawyers as defendants.   The law firm represented BANA in the foreclosure proceedings.

[2] The McCulleys are correct that BANA was not named in the complaint in *McCulley I*, however it *was* a party by the end of the lawsuit by virtue of Countrywide's merger with BAC and BAC's subsequent merger with BANA.   *See McCulley I*, 2013 WL 3187995 at *1.

state a claim pursuant to Fed. R. Civ. P. 12(b)(6).   *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1335 (11th Cir. 2012).   We also review *de novo* a district court's application of *res judicata* and collateral estoppel.   *Lozman v. City of Riviera Beach, Fla.,* 713 F.3d 1066, 1069 (11th Cir. 2013).   When determining whether to give preclusive effect to a prior federal judgment, we apply federal preclusion principles.   *Tampa Bay Water v. HDR Eng'g, Inc.,* 731 F.3d 1171, 1179 (11th Cir. 2013).

The doctrine *of res judicata,* or claim preclusion, bars the re-litigation of claims that were raised or could have been raised in a prior proceeding.   *Lobo v. Celebrity Cruises, Inc.,* 704 F.3d 882, 892 (11th Cir. 2013).   *Res judicata* is founded on the principle that a "full and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."   *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999) (quotations and alteration omitted).   The party asserting *res judicata* must establish four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action."   *Lobo,* 704 F.3d at 892. Similarly, under Alabama law, *res judicata* applies when the following four

4

elements are met: "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Chapman Nursing Home, Inc. v. McDonald,* 985 So.2d 914, 919 (Ala. 2007).

Generally, "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Taylor v. Sturgell,* 553 U.S. 880, 884, 128 S. Ct. 2161, 2166-67, 171 L. Ed. 2d 155 (2008) (quotation omitted). However, a nonparty is bound by a judgment if he was in privity with a party to that judgment. *Griswold v. Cnty. of Hillsborough,* 598 F.3d 1289, 1292 (11th Cir. 2010). Specifically, there are six circumstances in which a court can find privity for purposes of *res judicata:* (1) the nonparty agreed to be bound by the litigation of others; (2) a "substantive legal relationship" existed between the person to be bound and a party to first suit; (3) the nonparty was represented adequately by someone who was a party to the first suit; (4) the nonparty assumed control over the prior litigation; (5) a party attempted to relitigate issues through a proxy; and (6) a statutory scheme foreclosed successive litigation by nonparties. *Id.* Further, two cases involve the same causes of action for *res judicata* purposes when the causes of action arise out of the "same nucleus of operative fact," or are based upon the same factual predicate. *Lobo,* 704 F.3d at 893. It is the substance of the actions, not their form, that is important. *Ragsdale,*

5

193 F.3d at 1239.  *Res judicata,* however, "is no defense where, between the first and second suits, there has been a modification of significant facts creating new legal conditions."  *Manning v. City of Auburn,* 953 F.2d 1355, 1359 (11th Cir. 1992) (quotations and alterations omitted).

Collateral estoppel, or issue preclusion, bars the re-litigation of issues of fact or law that were actually litigated and decided in a prior suit. *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1317 (11th Cir. 2003).  In this circuit, a party seeking to apply the doctrine of collateral estoppel must establish: (1) the issue at stake is identical to one involved in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue must have been a critical and necessary part of the judgment in the prior litigation; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior litigation.  *Tampa Bay Water,* 731 F.3d at 1180.  Unlike *res judicata,* collateral estoppel is not limited to actions between the same parties and their privies.  *Hart v. Yamaha-Parts Distribs., Inc.,* 787 F.2d 1468,1473 (11th Cir. 1986) ("A defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff.").  Under Alabama law, for collateral estoppel to apply: "(1) [t]he issue must be identical to the one involved in the previous suit; (2) the issue must have been actually litigated in the prior action; and, (3) the resolution of the issue must have been necessary to the prior judgment."

6

*Martin v. Reed,* 480 So.2d 1180, 1182 (Ala. 1985).

Although the District Court erred in relying on Alabama law, rather than federal law, *see Tampa Bay Water*, 731 F.3d at 1179, the court applied the correct legal standards in dismissing the McCulleys' suit because Alabama law on the doctrines *of res judicata* and collateral estoppel is substantively the same as federal law.   The court properly dismissed the case on *res judicata* grounds because (1) there was a final judgment on the merits in *McCulley I,* (2) the court in *McCulley I* was a court of competent jurisdiction, (3) the parties in the instant case were either parties or in privity with a party to the first suit, and (4) both lawsuits involved the same causes of action.   Similarly, because the issues raised in the instant case were previously litigated and decided in *McCulley I*, in which the McCulleys had a full and fair opportunity to litigate, the District Court also properly found them barred by collateral estoppel.

AFFIRMED.