[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11481

Non-Argument Calendar

_____

REGINALD JOHNSON,

Plaintiff-Appellant,

*versus*

THE CITY OF SATSUMA, ALABAMA,
MAURICE KIRK HARLESS,
Owner of MKH Properties,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

D.C. Docket No. 1:22-cv-00255-KD-MU

———————————

Before ROSENBAUM, ABUDU, and BLACK, Circuit Judges.

PER CURIAM:

Reginald Johnson, *pro se*, appeals from the district court's order dismissing with prejudice his claims that Maurice Harless and the City of Satsuma, Alabama (the City) violated his equal protection rights and discriminated against him based on race by acting together to block a front entry to his home. He contends he stated a viable claim that Harless violated his constitutional rights and presented a constitutional claim against the City that was not previously litigated. He also asserts the district judge should have recused herself or been disqualified from considering his complaint due to bias. After review, we affirm.

## I.  BACKGROUND

### A.  Prior Litigation

This action arises from a long-running dispute over ownership rights and title to a parcel of land. In 1998, the Circuit Court of Mobile County, Alabama issued a judgment quieting title to a parcel owned by Gilbert Leasing Company (Gilbert), in which Rosemary Johnson (Rosemary) claimed an interest. Rosemary and her husband owned and resided on an adjacent property, Parcel A, and accessed the front entry of their home through a road on the disputed parcel, Parcel B. Gilbert sued Rosemary to determine ownership of Parcel B, and the court decreed that two deeds

conveying Parcel B to Rosemary did not convey color of title or vest in Rosemary any interest in the parcel. The sole privilege reserved for Rosemary was the right for her home to encroach upon Parcel B during her lifetime. Gilbert later sold Parcel B to MKH Properties, LLC (MKH), owned by Harless. MKH developed the land into a subdivision and, in 2003, erected a fence on its property closing access to the front of the Johnson home. As an accommodation, MKH graded, straightened, and widened a driveway that connected the rear of the Johnson home to a road. Johnson, Rosemary's son, continued to litigate ownership rights to Parcel B through various means.

In 2004, Johnson filed a complaint against the City in the Southern District of Alabama, alleging it discriminated against him and his family based on race by permitting Harless and MKH to build a subdivision on his property. The district court granted summary judgment to the City because Johnson's complaint was barred by *res judicata*, as the 1998 state court judgment concluded that Johnson had no property interests in Parcel B, Johnson had substantial identity with Rosemary because the parties were in privity and had identical interest, and Johnson's 2004 claim arose from the same nucleus of operative facts as the state judgment.

In September 2012, Johnson and his sister filed an amended complaint in the Southern District of Alabama, alleging a fence erected by MKH and Harless impeded the front entry to their property, which had been used for ingress and egress and for services such as mail delivery, garbage pick-up, and power. Johnson and his

sister alleged Harless received support from the City in imposing these restrictions and the City and Harless discriminated against them based on race in violation of their rights under the Equal Protection Clause. The district court granted summary judgment in favor of the City, MKH, and Harless because Johnson effectively sought to relitigate ownership of Parcel B. It entered a comprehensive order (the January 2014 Order) detailing Johnson's litigation history.[1] It stated that Johnson's statutory and constitutional claims were "firmly rooted in the premise" that Johnson and his family had some property interest in Parcel B, such as a right-of-way or driveway, that prevented MKH from building a fence there.

It determined that all elements of *res judicata* were present, and the 1998 state court decision was a prior judgment on the merits by a court of competent jurisdiction. It stated the actions involved substantially the same parties because, although the 1998 case was filed against Rosemary, Johnson and his sister participated in the litigation, were in privity to Rosemary as her heirs, and had identical interests in Parcel B. Finally, it determined that Johnson's claims in the 2012 case arose out of the same nucleus of operative facts as the 1998 case because they rested on the same premise that Johnson and his sister had a lawful property interest in Parcel B that prevented MKH from building a fence across it and entitled them to travel onto it. It concluded "the issue of [Johnson's and his family's] ownership interest in Parcel B was conclusively decided in the

---

[1] In addition to the 1998, 2004, and 2012 cases detailed in this section, there were also federal cases filed in 1999 and 2005, and a state case filed in 2001.

[1998 litigation] and the subsequent four lawsuits. . . . That issue has been definitively, conclusively and repeatedly decided against them in prior litigation, and they are legally bound by these determinations." Accordingly, the district court granted the City's, MKH's, and Harless's motions for summary judgment and dismissed Johnson's claims with prejudice as barred by the doctrine of *res judicata*.

In response to a motion for sanctions filed by Harless, the district court issued an order in May 2014 (the May 2014 order) that prohibited Johnson from filing any action against Harless or MKH regarding Parcel B without screening and prior authorization by the United States District Court for the Southern District of Alabama. The district court stated specifically that, should Johnson wish to initiate a new action, he must file notice of a proposed complaint with the complaint attached into the original docket for the clerk of the court to review and if, after review, the complaint appears to state an arguable claim to relief that is "not obviously barred by principles of *res judicata*," the court will issue an order authorizing filing of the complaint. The court further stated, in bold and italic font, that Johnson was responsible for reading the order and abiding by its terms and would be held accountable if he did not. The district court imposed the injunction in light of Johnson's "pattern of abusive filings, unchecked litigiousness, and reckless disregard of court rulings [that] has continued, unabated and unapologetically, for nearly 15 years."

B. *Current Litigation*

In June 2022, Johnson filed a *pro se* complaint, claiming Harless and City officials violated the Equal Protection Clause by discriminating against him and his family based on race. Johnson did not file a notice and a copy of the complaint for judicial screening into the docket of the 2012 district court case, as required by the May 2014 order. Johnson also moved to vacate the May 2014 order and accompanying judgment on the grounds of fraud, appearing to allege his prior attorney entered into an agreement with the City without authorization and did not disclose the May 2014 order to him.

On October 25, 2022, a magistrate judge entered a report and recommendation (R&R) recommending Johnson's complaint be dismissed. First, as to Johnson's claims against Harless, the magistrate judge determined Johnson failed to properly serve Harless but that, regardless, the claims were due to be dismissed under the prefiling injunction in the May 2014 order because Johnson was attempting to reassert the same claims against Harless that were irreconcilable with prior federal and state court judgments. Second, the magistrate judge determined Johnson's claims against the City were due to be dismissed for failure to state a claim as barred by *res judicata* because the rights of MKH to erect a fence on its land and, more generally, Johnson's lack of ownership rights in Parcel B, had been fully litigated many times. Third, he recommended denying Johnson's motion to vacate the May 2014 order because there was no evidence that any fraudulent statements by Johnson's attorney influenced the proceedings and the order was a matter of public record.

The magistrate judge informed Johnson of his right to file objections to the R&R within 14 days and stated that failure to do so would waive his right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions on appeal except that the Court may review for plain error if necessary in the interests of justice. Johnson did not object to the R&R.

On December 13, 2022, the district court, noting that no objections had been filed, adopted the R&R and entered an order and judgment dismissing with prejudice Johnson's claims against Harless and the City and enjoining Johnson from further pursuing the claims against Harless. Additionally, in relevant part, it denied Johnson's motion to vacate the May 2014 order and denied his motion to amend his complaint as futile. On January 3, 2023, Johnson filed an objection to the district court's order dismissing his complaint and enjoining his claims against Harless, reasserting the claims in his complaint and motion to vacate the judgment and arguing that imposing the injunction and denying him leave to amend his complaint violated his constitutional rights. In July 2023, the district court struck the objection as untimely.

## II. DISCUSSION

### A. Dismissal of Claims Against Harless

A party who fails to object to a magistrate judge's findings or recommendations contained in an R&R "in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for

objecting and the consequences on appeal for failing to object." 11th Cir. R. 3-1. If the party fails to object, "the court may review on appeal for plain error if necessary in the interests of justice." *Id*. "Under the civil plain error standard, we will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Roy v. Ivy*, 53 F.4th 1338, 1351 (11th Cir. 2022) (quotation marks omitted). Specifically, under plain-error review, the aggrieved party must show: (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that would seriously affect "the fairness, integrity or public reputation of judicial proceedings." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003) (quotation marks omitted).

Despite being warned of the consequences, Johnson did not object to the R&R, including its legal conclusion that his claims against Harless were substantially similar to his prior claims against Harless and MKH and were due to be dismissed with prejudice under the May 2014 order, with Johnson enjoined from raising them in the future. He filed objections to the dismissal of his claims against Harless, but only after the district court entered a final order and judgment, and the district court struck the objections as untimely. Johnson does not challenge on appeal the district court's refusal to entertain his untimely objections. Thus, the district court's unobjected-to fact findings and legal conclusions in dismissing Johnson's claims against Harless should be reviewed for, at most, plain error and only if this Court concludes the refusal to

consider them would result in a miscarriage of justice. *See* 11th Cir. R. 3-1; *Roy¸* 53 F.4th at 1351.

Even reviewing for plain error, the district court did not plainly err in dismissing Johnson's claims against Harless with prejudice and enjoining him from pursuing them further. *See Lejarde-Rada*, 319 F.3d at 1290. The district court had the authority to impose prescreening measures on Johnson in the May 2014 order in light of his many filings. *See Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1317-18 (11th Cir. 2021) (acknowledging district courts may screen complaints from vexatious litigants so long as access to the courts is not completely foreclosed). And Johnson did not appeal from the May 2014 order or otherwise challenge the screening requirement. Although Johnson describes his claim against Harless in the current complaint as a constitutional claim of racial discrimination and not a claim to property rights in Parcel B like many of his prior claims against Harless and MKH, it still relies on the premise that Johnson and his family have a valid property right in Parcel B to cross the land when entering and exiting the front of the house, which was denied in the 1998 state judgment. Thus, the instant claim falls within the scope of the May 2014 order.

Although Johnson contends he could not have complied with the prefiling injunction in the May 2014 order because he was not aware of it, the order explicitly stated he would be held responsible for reading the order and adhering to its terms in future cases and forewarned him of the prescreening procedures. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an

extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Moreover, while Johnson contends he presented sufficient evidence to establish a likelihood of success on the merits, which would meet the requirement in the May 2014 order that his claims must have arguable merit, he still did not submit his complaint for prescreening. *See Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (stating a district court has inherent power to manage its own docket, including by dismissing a complaint for failure to comply with a court order). Therefore, the district court did not err, much less plainly err, in dismissing Johnson's claims against Harless with prejudice for failure to comply with the May 2014 order. *See Lejarde-Rada*, 319 F.3d at 1290.

## B. Dismissal of Claims Against the City

As with the claims against Harless, because Johnson failed to object to the R&R, the district court's dismissal of Johnson's claims against the City based on *res judicata*, including its privity determination, should be reviewed for at most plain error. *See* 11th Cir. R. 3-1. The district court did not plainly err in dismissing Johnson's claims against the City with prejudice. Johnson raised his specific race discrimination claim against the City in the 2004 case and in the 2012 case, with the court concluding both times that it was barred by *res judicata*. Under Alabama's elements of *res judicata*, the same reasoning applies to this case. *See Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011) (stating in assessing the preclusive effect of a state court judgment, a federal court must

apply the rendering state's law of preclusion).  The 1998 state court consent judgment was a final judgment on the merits, rendered by a court of competent jurisdiction, that addressed the Johnson family's ownership and right to use Parcel B and involved a party in privity to Johnson that represented his interests, Rosemary.  *See Chapman Nursing Home, Inc. v. McDonald*, 985 So. 2d 914, 919 (Ala. 2007) (providing under Alabama law, the elements of *res judicata* are: "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions").

Moreover, while Johnson frames his claim in terms of racial discrimination and equal protection as opposed to property rights, it is still based on the fundamental premise that he and his family have the right to use Parcel B to enter and exit their home as some form of covenant or easement, and the 1998 judgment conclusively determined there is no such right.  Any claim that Johnson is being denied that right arises from the same operative facts and is clearly irreconcilable with the previous judgment.  *See id.* at 921 (stating *res judicata* applies not only to the precise legal theory of claim presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts).  The primary right asserted—to use Parcel B—is identical in the 1998 case and the instant claim.  *See id.* (explaining the principal test for comparing causes of action in a *res judicata* determination is whether the primary right and duty or wrong are the same in both actions).  Therefore, the district court did not err, much less plainly err, in determining that

Johnson raised the same claim in both actions and dismissing Johnson's complaint.[2] *See Lejarde-Rada*, 319 F.3d at 1290.

## C.  Recusal

A federal judge must recuse herself "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Recusal under § 455(a) is required only when the alleged bias is personal in nature, that is, stemming from an extrajudicial source.  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  Adverse rulings alone, either in the same or a related case, almost never constitute a valid basis for recusal.  *Id.*  The standard is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *Id.* at 1239 (quotation marks omitted).

Johnson failed to demonstrate the district judge plainly erred in not recusing herself from the proceedings.  *See Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983) (stating where a party fails to invoke the statutes that provide for disqualification or recusal in the district court, we review for plain error).  While Johnson argues the district judge was biased against him because she had adjudicated several of his prior claims related to Parcel B, her decisions in other cases are not an extrajudicial

---

[2] As the district court determined, leave to amend would be futile in this instance because the complaint as amended would still be subject to dismissal as barred by *res judicata* since there is no version of Johnson's claims against the City that does not rely on a claimed right to use of Parcel B.

source of alleged bias. *See Bolin*, 225 F.3d at 1239. Her adverse rulings against Johnson in prior cases are not a valid basis for a recusal. *See id.* Additionally, Johnson presented no evidence in support of his conclusory allegation the district judge was biased and has provided no reasons for a lay observer to doubt the district judge's impartiality.

## III. CONCLUSION

The district court did not plainly err in dismissing with prejudice Johnson's claims against Harless and enjoining him from persisting in those claims because they fell within the scope of a court order imposing a prefiling injunction in a prior case and Johnson did not comply with the order's instructions. The district court also did not plainly err in dismissing with prejudice Johnson's claims against the City because those claims were barred by *res judicata*. Finally, Johnson did not present evidence of the district judge's bias such that she should have recused herself. We affirm the district court.[3]

**AFFIRMED.**

---

[3] We deny Harless's motion to supplement the record on appeal as moot. *See May v. Morgan Cnty., Ga.*, 878 F.3d 1001, 1007 n.7 (11th Cir. 2017) (providing when the existing record resolves an appeal on the merits, a motion to supplement the record is due to be dismissed).